IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

THOMAS WAYLON BOYD,
BCCC #243248                                                                                          PLAINTIFF

V.                                  CASE NO. 4:19-CV-461-KGB-BD

DOE                                                                                                      DEFENDANT

## RECOMMENDED DISPOSITION

### I.   Procedures for Filing Objections

This Recommended Disposition (Recommendation) has been sent to Judge Kristine G. Baker. Mr. Boyd may file written objections with the Clerk of Court if he disagrees with the findings or conclusions in this Recommendation.

To be considered, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection. If Mr. Boyd does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

### II.  Discussion

Federal courts must screen prisoner complaints that seek relief against a government body, officer, or employee and dismiss claims that fail to state claims for relief. 28 U.S.C. § 1915A. When making this determination, courts accept the truth of the factual allegations in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

A. The Grievance Process

Mr. Boyd first complains about the grievance process. (#2, p.1) He attaches many grievances, presumably to demonstrate his difficulty with the grievance process. The grievances he includes were rejected because: he raised non-grievable issues (#2, pp. 3, 6, 12, 16, 18, 24); grievances were duplicative (#2, pp. 31, 39, 51); grievances did not include attachments (#2, p. 56); or grievances were frivolous and included multiple issues. (#2, pp. 21, 28, 54).

Allegations about grievance processes rarely state a constitutional claim for relief because there is no federally protected right to an inmate grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (*per curiam*); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (*per curiam*). Therefore, a prison official's failure to properly process or respond to a grievance, standing alone, is not grounds for a claim brought under § 1983. Accordingly, Mr. Boyd's complaints about the grievance procedure fail as a matter of law.

B. Due Process Claim

Liberally construing his complaint, Mr. Boyd next claims that he was denied due process when Defendants punished him after he tested positive for marijuana.[1] The marijuana disciplinary apparently resulted in a reduction in his class, a loss of good-time

---

[1] Mr. Boyd also states at this point in his complaint that he plans to file a habeas corpus petition challenging the legality of this conviction and a complaint about the public defender who represented him at trial. Mr. Boyd's challenges to his conviction and trial are not part of this lawsuit, but rather, were opened as separate lawsuits. See *Boyd v. Culpepper, et al.*, E.D. Ark. Case No. 4:19-CV-462-SWW-JTR and *Boyd v. Does, et al.*, E.D. Ark. Case No 4:19-CV-448-KGB-JTK.

credit, and a 30-day restriction from visitation, commissary, and telephone use. (#2, pp. 2, 29-35)

Mr. Boyd's due process claim based on an allegedly unfair disciplinary also fails. A prisoner has a right to procedural due process only if he has a liberty interest at stake. See *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). None of the punishments Mr. Boyd describes in his complaint are serious enough to implicate a liberty interest. See *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Portley-El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) (holding that inmates have no liberty interest in maintaining a particular classification level; 30 days in punitive segregation was not an atypical and significant hardship under *Sandin*, *supra*); *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) (inmate was not deprived of liberty interest during nine months in administrative segregation); *Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (placement in punitive isolation was not atypical and significant hardship despite restrictions in mail, telephone, visitation, commissary, and property privileges); *McKinnon v. Norris*, 366 Ark. 404 (2006) (the Supreme Court of Arkansas has found that there is no liberty interest in the accumulation or loss of good-time credits under Arkansas law). Accordingly, Mr. Boyd has failed to state a due process claim.

### III. Conclusion

The Court recommends that Mr. Boyd's lawsuit be DISMISSED, without prejudice, for failure to state a claim upon which relief can be granted. Furthermore, this dismissal should count as a "strike" for purposes of 28 U.S.C. § 1915(g).

DATED, this 15th day of July, 2019.

                                                _____
                                                UNITED STATES MAGISTRATE JUDGE