# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

THOMAS WAYLON BOYD,
BCCC #243248                                                                         PLAINTIFF

v.                          Case No. 4:19-cv-461-KGB-BD

DOE                                                                                   DEFENDANT

## ORDER

Before the Court is a Recommended Disposition submitted by United States Magistrate Judge Beth Deere (Dkt. No. 4). Plaintiff Thomas Boyd filed an objection to the Recommended Disposition (Dkt. No. 6). After careful review of the Recommended Disposition and Mr. Boyd's objections, as well as a *de novo* review of the record, the Court adopts the Recommended Disposition as its findings in all respects (Dkt. No. 4).

Mr. Boyd filed a complaint pursuant to 42 U.S.C. § 1983 on July 1, 2019, alleging issues with the prison grievance process and a due process violation involving his punishment after testing positive for marijuana (Dkt. No. 2, at 2). Judge Deere recommends that Mr. Boyd's complaint be dismissed without prejudice for failure to state a claim upon which relief can be granted (Dkt. No. 4, at 3). Judge Deere explains that Mr. Boyd's complaint about the grievance procedure fails as a matter of law because a prison official's failure properly to process or respond to a grievance, standing alone, is not grounds for a claim brought under 42 U.S.C. § 1983 (*Id.*, at 2). Judge Deere also explains that Mr. Boyd fails to state a due process claim because none of the punishments Mr. Boyd describes in his complaint are serious enough to implicate a liberty interest (*Id.*, at 3).

In his objections, Mr. Boyd claims that the Court should not adopt the Recommended Disposition (Dkt. No. 6). Mr. Boyd states that he wants to improve the grievance system and

disagrees with the responses he received (*Id.*). With respect to the due process claim, Mr. Boyd claims that a liberty interest was implicated because the discipline prevented him from earning parole at an earlier date (*Id.*).

This Court has reviewed Mr. Boyd's objections and finds that they do not raise any issues that were not already addressed by Judge Deere in the Recommended Disposition. This Court agrees with Judge Deere that Mr. Boyd has failed to state a claim upon which relief can be granted. Accordingly, the Court adopts the Recommended Disposition as its findings in all respects (Dkt. No. 4).

On July 19, 2019, Mr. Boyd filed an addendum to his complaint requesting an order granting parental and visitation rights to his children (Dkt. No. 5). Federal courts have continually recognized the domestic relations exception to federal subject matter jurisdiction, which "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992). Accordingly, this Court declines to address Mr. Boyd's parental and visitations right claims based on a lack of subject matter jurisdiction (Dkt. No. 5).

Mr. Boyd filed on September 12, 2019, a notice with the Court (Dkt. No. 7). To the extent Mr. Boyd intends for his notice to amend his complaint filed in this case or to state additional claims that appear unrelated to the claims he asserts in this case, the Court declines to grant Mr. Boyd permission to amend his complaint in this case. Mr. Boyd may refile in a separate action his unrelated separate claims.

It is therefore ordered that:

1. The Court adopts the Recommended Disposition as its findings in all respects (Dkt. No. 4);

2. Mr. Boyd's claims are dismissed without prejudice (Dkt. No. 2);

3. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g); and

4. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal from this Order would not be taken in good faith.

So ordered this 30th day of June, 2021.

_____
Kristine G. Baker
United States District Judge